Breeze Natl., Inc. v Century Sur. Co. (2019 NY Slip Op 02290)





Breeze Natl., Inc. v Century Sur. Co.


2019 NY Slip Op 02290


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8805 652611/16

[*1]Breeze National, Inc., Plaintiff-Respondent,
v
Century Surety Company, Defendant-Appellant, ACT Abatement Corporation, Defendant.


Hurwitz & Fine, P.C., Buffalo (Jennifer A. Ehman of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (John F. Watkins of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered March 29, 2018, which denied defendant Century Surety Company's (Century) cross motion for summary judgment and granted plaintiff's motion for a declaration that Century is obligated to provide insurance coverage to plaintiff in the underlying wrongful death action, unanimously affirmed, with costs.
The language found in Century's additional insured endorsement, in which Century agreed to afford plaintiff Breeze National, Inc. (Breeze) coverage as an additional insured only with respect to liability "caused, in whole or in part, by" its named insured ACT Abatement Corporation's (ACT) acts or omissions, applies to injury proximately caused by the named insured (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 317 [2017]). Century's argument that ACT has never been adjudicated as negligent, and had no control over the means and methods of Wilk's work is misplaced, as the phrase "caused, in whole or in part, by" does not "compel the conclusion tat the endorsement incorporates a negligence requirement, but simply means more than "but for" causation (id. at 324). The act of window removal, combined with the failure to guard the windows, was sufficient to establish proximate causation. Thus, Century must defend Breeze in the underlying action.
Because the record evidence indicates issues of fact as to whether Breeze was solely responsible, or partially responsible for the accident (see Indian Harbor Ins. Co. v Alma Tower, LLC, 165 AD3d 549 [1st Dept 2018]), the issue of indemnification
cannot be determined at this time (see Vargas v City of New York, 158 AD3d 523, 525 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK